1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARLES AUSTIN PARKS,

11              Plaintiff,                         No. CIV S-06-1138 DFL KJM P

12         vs.

13   WARDEN DAVID L. RUNNELS, et al.,              ORDER

14              Defendants.

15   _____/

16              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20              Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the

26   preceding month's income credited to plaintiff's prison trust account.  These payments shall be

1

1   collected and forwarded by the appropriate agency to the Clerk of the Court each time the

2   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3   § 1915(b)(2).

4          The court is required to screen complaints brought by prisoners seeking relief

5   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

8   be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9   U.S.C. § 1915A(b)(1),(2).

10          A claim is legally frivolous when it lacks an arguable basis either in law or in

11  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

12  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.

14  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

15  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

16  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17          A complaint, or portion thereof, should only be dismissed for failure to state a

18  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

19  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

20  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

21  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

22  complaint under this standard, the court must accept as true the allegations of the complaint in

23  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

24  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

25  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

26  /////

2

1    Plaintiff alleges that many of the defendants were involved in a conspiracy to

2    have him placed in segregation on a "false charge of conspiracy to murder c/o Aguilera and other

3    unidentified correctional officers with no shred of evidence," and to that end, relied on

4    improperly documented confidential information, altered documentary evidence, found him

5    guilty of a non-existent rules violation, and prevented him from presenting exculpatory

6    documentary evidence during the administrative appeal of the matter.  Plaintiff alleges that these

7    actions were taken because of his race and in an attempt to have him, and other African-

8    American prisoners, removed from High Desert State Prison.  See Complaint, ¶¶ 7, 10, 12, 13,

9    17.  Plaintiff was sentenced to serve a forty-eight month term in the Security Housing Unit,

10   which, he alleges, violates his Eighth Amendment rights.  Id., ¶ 18.

11   In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held:

12   [I]n order to recover damages for allegedly unconstitutional
     conviction or imprisonment, or for other harm caused by actions
13   whose unlawfulness would render a conviction or sentence invalid,
     a § 1983 plaintiff must prove that the conviction or sentence has
14   been reversed on direct appeal, expunged by executive order,
     declared invalid by a state tribunal authorized to make such
15   determination, or called into question by a federal court's issuance
     of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
16   bearing that relationship to a conviction or sentence that has not
     been so invalidated is not cognizable under § 1983.  Thus, when a
17   state prisoner seeks damages in a § 1983 suit, the district court
     must consider whether a judgment in favor of the plaintiff would
18   necessarily imply the invalidity of his conviction or sentence; if it
     would, the complaint must be dismissed unless the plaintiff can
19   demonstrate that the conviction or sentence has already been
     invalidated.  But if the district court determines that the plaintiff's
20   action, even if successful, will not demonstrate the invalidity of
     any outstanding criminal judgment against the plaintiff, the action
21   should be allowed to proceed, in the absence of some other bar to
     the suit.

22

23   In Edwards v. Balisok, 520 U.S. 641, 643 (1997), the Court ruled Heck applied to actions

24   "challenging the validity of the procedures used to deprive an inmate of good-time credits. . . ."

25   A challenge to the purported use of doctored or altered information, which leads to the loss of

26   credits, falls within the rule of Heck.  Butterfield v. Bail, 120 F.3d 1023, 1025 (9th Cir. 1997).

1    A civil rights action challenging hearing procedures may be maintained if the

2  result of the "disciplinary hearing or administrative sanction does not affect the overall length of

3  the prisoner's confinement." Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003), cert. denied

4  sub nom. McEnroe v. Ramirez, 541 U.S. 1063 (2004).  Although plaintiff does not allege that he

5  lost good-time credits as a result of the disciplinary proceeding, it appears that he was subject to

6  the forfeiture of 151 to 180 days of credit.  15 Cal. Code Regs. § 3323(c)(8).  He will be given

7  the opportunity to notify the court, under penalty of perjury, whether he lost good time credit as

8  a result of the disciplinary proceeding.  Further screening of the complaint will be deferred until

9  the court receives plaintiff's notification.

10    Plaintiff also argues that defendant Felker delayed resolution of the staff

11  complaint he submitted.  Complaint, ¶ 14.  He appears to be challenging the manner in which a

12  complaint, similar to an administrative grievance, was handled.  Because there is no

13  constitutional right to a grievance process, any deficiencies in the response to plaintiff's

14  grievance do not state a claim cognizable in a civil rights act.  Mann v. Adams, 855 F.2d 639,

15  640 (9th Cir. 1988).

16    In accordance with the above, IT IS HEREBY ORDERED that:

17    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

18    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

19  The fee shall be collected and paid in accordance with this court's order to the Director of the

20  California Department of Corrections and Rehabilitation filed concurrently herewith.

21    3.  Further screening of plaintiff's complaint is deferred until plaintiff complies

22  with this order.

23  /////

24  /////

25  /////

26  /////

1          4.  Within thirty days of the date of this order, plaintiff must notify the court

2   whether he lost good time credits as a result of the disciplinary proceedings.  Failure to comply

3   with this order will result in findings and recommendations that this action be dismissed.

4    DATED:   December 14, 2006.

5                                                        _____

6   2/park1138.14                                        U.S. MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26